**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4342**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PEDRO VALLE-BARRERA, a/k/a Peri,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:16-cr-00201-FDW-DCK-5)

Submitted: January 31, 2018                    Decided: February 23, 2018

Before TRAXLER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, Winston-Salem, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pedro Valle-Barrera pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a), (b), 846 (2012), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h) (2012). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Valle-Barrera's counsel has filed a brief certifying that there are no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Valle-Barrera's guilty plea and whether Valle-Barrera's sentence is reasonable. Valle-Barrera has filed a pro se supplemental brief, raising Fourth Amendment and ineffective assistance of counsel claims. We affirm.

Because Valle-Barrera did not seek to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, an appellant must show: (1) error; (2) that was plain; and (3) that affected his substantial rights. *Id.* at 816. "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Id.* (internal quotation marks omitted). Additionally, we exercise our discretion to correct such an error only if failing "to do so would seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Our review of the record reveals that the district court substantially complied with Rule 11 in accepting Valle-Barrera's guilty plea, and that his plea was knowing, voluntary, and supported by an independent factual basis.

2

Valle-Barrera next claims that his convictions were the result of an unlawful search and seizure. "When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea" and therefore "has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea." *United States v. Moussaoui*, 591 F.3d 263, 279 (4th Cir. 2010). Thus, because Valle-Barrera's Fourth Amendment challenge to the search and his arrest alleges a nonjurisdictional defect, his claims are precluded by his unconditional guilty plea.

We review the reasonableness of Valle-Barrera's sentence for abuse of discretion. *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). First, we assess procedural reasonableness, considering whether the district court properly calculated the Sentencing Guidelines range, allowed the parties to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Gall v. United States,* 552 U.S. 38, 49-51 (2007). If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Our review of the record leads us to conclude that Valle-Barrera's sentence is procedurally sound. Moreover, Valle-Barrera has failed to overcome the presumption of substantive reasonableness accorded his sentence, which falls within his post-downward departure Guidelines range.

3

Finally, Valle-Barrera alleges ineffective assistance of trial counsel. "Unless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). No such ineffective assistance conclusively appears on the record before us, so we decline to consider Valle-Barrera's claims at this juncture. Instead, Valle-Barrera's ineffective assistance claims should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *Id.* at 508; *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Valle-Barrera, in writing, of the right to petition the Supreme Court of the United States for further review. If Valle-Barrera requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Valle-Barrera.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*